

FILED

**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTIN M. PERRY; SANDRA B. STIER; PAUL T. KATAMI; JEFFREY J. ZARRILLO, <br><br> Plaintiffs - Appellees, <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Intervenor-Plaintiff - Appellee, <br><br> v. <br><br> EDMUND G. BROWN, Jr., in his official capacity as Governor of California; KAMALA D. HARRIS, in her official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California Department of Public Health & State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles, <br><br> Defendants, | No. 10-16696 <br><br> D.C. No. 3:09-cv-02292-VRW <br><br> ORDER |

HAK-SHING WILLIAM TAM,

          Intervenor-Defendant,

  and

DENNIS HOLLINGSWORTH; GAIL J. KNIGHT; MARTIN F. GUTIERREZ; MARK A. JANSSON; PROTECTMARRIAGE.COM - YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, as official proponents of Proposition 8,

          Intervenor-Defendants - Appellants.

---

KRISTIN M. PERRY; SANDRA B. STIER; PAUL T. KATAMI; JEFFREY J. ZARRILLO,

          Plaintiffs - Appellees,

CITY AND COUNTY OF SAN FRANCISCO,

          Intervenor-Plaintiff - Appellee,

  v.

EDMUND G. BROWN, Jr., in his official capacity as Governor of California; KAMALA D. HARRIS, in her official capacity as Attorney General of California; MARK B. HORTON, in his official capacity as Director of the California

No. 11-16577

D.C. No. 3:09-cv-02292-JW

Department of Public Health & State Registrar of Vital Statistics; LINETTE SCOTT, in her official capacity as Deputy Director of Health Information & Strategic Planning for the California Department of Public Health; PATRICK O'CONNELL, in his official capacity as Clerk-Recorder for the County of Alameda; DEAN C. LOGAN, in his official capacity as Registrar-Recorder/County Clerk for the County of Los Angeles,

Defendants,

HAK-SHING WILLIAM TAM,

Intervenor-Defendant,

and

DENNIS HOLLINGSWORTH; GAIL J. KNIGHT; MARTIN F. GUTIERREZ; MARK A. JANSSON; PROTECTMARRIAGE.COM - YES ON 8, A PROJECT OF CALIFORNIA RENEWAL, as official proponents of Proposition 8,

Intervenor-Defendants - Appellants.

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

A majority of the panel has voted to deny the petition for rehearing en banc.

Judge N.R. Smith would grant the petition.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the non-recused active judges in favor of en banc consideration. Fed. R. App. P. 35. The petition for rehearing en banc is DENIED.

The mandate is stayed for ninety days pending the filing of a petition for writ of certiorari in the Supreme Court. If such a petition is filed, the stay shall continue until final disposition by the Supreme Court.

*Perry v. Brown*, 10-16696; 11-16577

O'SCANNLAIN, Circuit Judge, joined by BYBEE and BEA, Circuit Judges, dissenting from the order denying rehearing en banc:

A few weeks ago, subsequent to oral argument in this case, the President of the United States ignited a media firestorm by announcing that he supports same-sex marriage as a policy matter. Drawing less attention, however, were his comments that the Constitution left this matter to the States and that "one of the things that [he]'d like to see is–that [the] conversation continue in a respectful way."[1]

Today our court has silenced any such respectful conversation. Based on a two-judge majority's gross misapplication of *Romer v. Evans*, 517 U.S. 620 (1996), we have now declared that animus must have been the only *conceivable* motivation for a sovereign State to have remained committed to a definition of marriage that has existed for millennia, *Perry v. Brown*, 671 F.3d 1052, 1082 (9th Cir. 2012). Even worse, we have overruled the will of seven million California Proposition 8 voters based on a reading of *Romer* that would be unrecognizable to the Justices who joined it, to those who dissented from it, and to the judges from sister circuits who have since interpreted it. We should not have so roundly

---

[1] Interview by Robin Roberts, ABC News, with Barack Obama, President of the United States, in Washington, D.C. (May 9, 2012).

1

trumped California's democratic process without at least discussing this unparalleled decision as an en banc court.

For many of the same reasons discussed in Judge N.R. Smith's excellent dissenting opinion in this momentous case, I respectfully dissent from the failure to grant the petition for rehearing en banc.

*Perry v. Brown*, Nos. 10-16696, 11-16577

REINHARDT and HAWKINS, Circuit Judges, concurring in the denial of rehearing en banc:

We are puzzled by our dissenting colleagues' unusual reliance on the President's views regarding the Constitution, especially as the President did not discuss the narrow issue that we decided in our opinion. We held only that under the particular circumstances relating to California's Proposition 8, that measure was invalid. In line with the rules governing judicial resolution of constitutional issues, we did not resolve the fundamental question that both sides asked us to: whether the Constitution prohibits the states from banning same-sex marriage. That question may be decided in the near future, but if so, it should be in some other case, at some other time.